**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAULA DOVE JENNINGS, ET AL | : | |
| | : | |
| Plaintiff | : | C.A. No. 03-cv-572T |
| | : | |
| V. | : | |
| | : | |
| STEVEN M. PARE, in his representative | : | |
| Capacity as colonel of the | : | |
| RHODE ISLAND STATE POLICE, | : | |
| ET AL | : | |
| | : | May 21, 2008 |
| Defendants | : | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION RE:DEFENDANT'S MOTION FOR NEW TRIAL/ REMITTITUR**

NOW COMES Adam Jennings in the above-captioned matter and moves this court for an order permitting reconsideration with respect to the defendant's motion for a new trial and remittitur for the following reasons:

There have been a multitude of developments since oral argument was had with respect to these issues that may inform this court's decision with respect to the defendant's motion.

For example, this matter was appealed to the First Circuit Court of Appeals, which court has opined with respect to the defendant's obligation to secure rulings on these motions prior to advancing to the appeals stage. The plaintiff submits that although the First Circuit Court of Appeals ultimately retracted its ruling that the defendant had waived these two motions, a reading of the opinion of the majority and the dissent suggests that the waiver issue should be decided by the trial court.

In its ruling on the defendant's Motion for Judgment as a matter of law, this court was critical of the plaintiff's witnesses' credibility at the trial, although it eschewed any consideration of witness credibility in its ruling. The court is entitled to consider the credibility of witnesses in deciding a motion for a new trial. The plaintiff submits that trial testimony which had to be transcribed in conjunction with the appeal may well be useful to this court if it were to consider credibility of witness in determining whether to grant a new trial.

The decision of the appellate court itself in overturning this court's decision to grant a motion for judgment as a matter of law ruled that the defendant Jones was not entitled to the benefit of qualified immunity and in so doing commented on the nature and the quality of the evidence in a manner in which may effect this court's determination of whether a new trial should be granted. Moreover, the appellate court's decision dictates that qualified immunity is not available to the defendant in a re-trial.

Rehearing on banc with respect to the appellate court's panel disposition was denied; the defendant's Petition for Certiorari before the United States Supreme Court was also rebuffed.

This court's decision with respect to the granting of a new trial may very well be benefitted by reconsideration on this matter and the plaintiff hereby requests it.

RESPECTFULLY SUBMITTED,

/s/ Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing by first class mail, postage prepaid on this 21 day of May, 2008 to the following counsel of record:

Rebecca Tedford Partington
State of Rhode Island
Office of the Attorney General
Deputy Chief-Civil Division
150 South Main Street
Providence, RI 02903

/s/ Michael Bradley