**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAULA DOVE JENNINGS, ET AL | : | |
| | : | |
| Plaintiff | : | C.A. No. 03-cv-572T |
| | : | |
| V. | : | |
| | : | |
| STEVEN M. PARE, in his representative Capacity as colonel of the RHODE ISLAND STATE POLICE, ET AL | : | |
| | : | July 8, 2008 |
| Defendants | : | |

# PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE

The plaintiff hereby objects to the defendant Jones' motion in limine filed July 1st, 2008 for the following reasons:

4. EVIDENCE OUTSIDE SMOKESHOP

With respect to the defendant's motion to limit the evidence to that which occurred inside the smoke shop building, evidence of what happened outside the building should be allowed. Ironically the defendant prevailed in the first trial in limiting the video to events which happened inside the trailer (smokeshop) but then proceeded to adduce testimony from other witnesses as to what occurred outside the trailer. With specific reference to Dan Picolli's testimony, he was cross examined with respect to the accuracy of his recollection of certain events, a recollection which understandably could have been

affected by events that happened outside the trailer, including Jones throwing Picolli down a set of stairs through a police dog, an action which Jones euphemistically referred to in one of his reports as "a controlled push". Video of what happened outside is germaine to make understandable Picolli's own turmoil and to undermine the credibility of trooper Jones, whose actions with respect to Picolli were in no way "controlled". Interestingly, Jones referred to his twisting the plaintiff's ankle until it snapped in two places as being "the ankle turn control technique".

2. REGINALD ALLARD

The plaintiff does not intend to call Mathew Thomas. The testimony of Reginald Allard, and what parts of it should be allowed, should be reserved for trial. While the plaintiff has no difficulty agreeing that Allard should not be allowed to testify as to the historical interplay between the Narragansetts and the state of Rhode Island, and culture psychology issues, the defendant should not be allowed, by his own say so, to determine what else Allard is competent to testify on. Allard no doubt would be qualified as an expert on police practices and procedures. He is qualified to testify as to what amounts of force were appropriate in this case, and at what times, and as to all other factors, as described in Graham v. Connor , and their relationship to the circumstances surrounding the arrest of Adam Jennings .

3. THE VIDEO TAPE

The defendant understandably would like to limit the use of the video tape at trial. He would like to limit the amount of times it is played, and the manner in which it is played. The video tape is critical to the plaintiff's case and is strongly suggestive that various witness

presented by Jones in the first trial were not candid as to the circumstances surrounding the arrest of Adam Jennings. The video tape needs to be played in conjunction with the direct examination and cross examination of almost of every witness in this matter. To respond further is difficult because the defendant has not specified what order he is requesting.

1. ACQUITTAL EVIDENCE

The plaintiff has no present intention to offer the acquittal of Adam Jennings into evidence.

RESPECTFULLY SUBMITTED,

/s/ Michael Bradley

Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax

**CERTIFICATION**

I hereby certify that I have filed the within ***Plaintiff's Objection to Defendant's Motion in Limine*** via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be send on this 8th day of July, 2008 to the following counsel of record:

John M. Moreira
Rebecca Tedford Partington
State of Rhode Island
Office of the Attorney General
Deputy Chief-Civil Division
150 South Main Street
Providence, RI 02903

/s/ Michael Bradley
Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax