**UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADAM JENNINGS** | : | |
| **Plaintiff** | : | **C.A. No. 03-572ML** |
| **v.** | : | |
| | : | |
| | : | |
| **KENNETH JONES,** | : | |
| **Defendant** | : | |

**DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS**

Now comes the Defendant Kenneth Jones and requests that the jury be instructed with the jury instructions attached hereto.

Respectfully Submitted,

Defendants,
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Partington*
*/s/ John Moreira*

Rebecca Tedford Partington # 3890
Deputy Chief--Civil Division
John Moreira # 7371
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
Fax (401) 222-2995

# INDEX


| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | PRELIMINARY GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY, CAUTIONARY | 4 |
| 2 | SYMPATHY | 6 |
| 3 | BURDEN OF PROOF | 7 |
| 4 | IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS | 8 |
| 5 | SPECULATION AND CONJECTURE | 9 |
| 6 | NARRAGANSETT INDIAN TRIBE V. STATE OF RI | 10 |
| 7 | SEARCH WARRANTS | 11 |
| 8 | FOURTH AMMENDMENT - REASONABLENESS | 12 |
| 9 | REASONABLE USE OF FORCE | 13 |
| 10 | TOTALITY OF CIRCUMSTANCES | 14 |
| 11 | (ALTERNATIVE) EXCESSIVE FORCE | 15 |
| 12 | QUALIFIED IMMUNITY | 16 |
| 13 | PROXIMATE CAUSE | 17 |
| 14 | SUSPECT/HANDCUFFING | 18 |
| 15 | FORCE DURING ARREST | 19 |
| 16 | FACT OF INJURY/PRE-EXISTIG INJURY | 20 |
| 17 | EXTENT OF PROOF (NO REASONABLE OFFICER) | 21 |
| 18 | (MISTAKEN) AMOUNT OF FORCE NECESSARY | 22 |
| 19 | LEAST RESTRIACTIVE MEANS | 23 |
| 20 | QUALIFIED IMMUNITY - § 1983 | 24 |

| | | |
|---|---|---|
| 21 | NEGLIGENCE DOES NOT AMOUNT TO A FEDERAL CONSTITUTIONAL VIOLATION | 26 |
| 22 | ASSAULT AND BATTERY | 27 |
| 23 | DAMAGES TO BE REASONABLE | 28 |
| 24 | EXPERT WITNESSES | 29 |
| 25 | NO PUNITIVE DAMAGES | 30 |
| 26 | RESISTING ARREST | 31 |
| 27 | DEFENSES TO ASSAULT & BATTERY | 32 |
| 28 | STATE LAW QUALIFIED IMMUNITY | 33 |
| 29 | GOOD FAITH (STATE LAW CLAIMS) | 34 |
| 30 | ABSENT WITNESS – EMPTY CHAIR DOCTRINE | 35 |

**JURY INSTRUCTION REQUEST NO. 1**

**PRELIMINARY**
**GENERAL: NATURE OF CASE; BURDEN OF PROOF;**
**DUTY OF JURY; CAUTIONARY**

Ladies and gentlemen: I will take a few moments now to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a civil case brought by the Plaintiff, Adam Jennings, against the Defendant, Trooper Kenneth Jones, an employee of the Rhode Island State Police. The Plaintiff alleges that Trooper Jones violated his Fourth Amendment right to be free from the use of excessive force during an arrest and also, that he committed assault and battery against him. Trooper Jones denies the allegations. Jones alleges that his actions were legal under both federal and state laws. It will be your duty to decide from the evidence whether Adam Jennings are entitled to a verdict and damages against Trooper Jones.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law, which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their training their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**JURY INSTRUCTION REQUEST NO. 2**

**SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

**JURY INSTRUCTION REQUEST NO. 3**

**BURDEN OF PROOF**

This is a civil case and as such Adam Jennings has the burden of proving his allegations by a preponderance of the evidence. Kenneth Jones does not have a burden to prove or disprove anything.

If after considering all of the testimony you are satisfied that Adam Jennings has carried the burden on each essential point as to which he or she has the burden of proof, then you must find for him on his claims. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If after such consideration you find the testimony of both sides to be in balance or equally probable, then Adam Jennings has failed to sustain his burden and you must find for Trooper Jones.

**JURY INSTRUCTION REQUEST NO. 4**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**JURY INSTRUCTION NO. 5**

**SPECULATION AND CONJECTURE**

Adam Jennings cannot rely on conjecture or speculation to establish the essential elements of his case.

**JURY INSTRUCTION NO. 6**

**NARRAGANSETT INDIAN TRIBE V. STATE OF RHODE ISLAND**

You are instructed that the following has been established as a matter of law, and you must accept it as true:

1) The refusal or failure of the Narragansett Indian Tribe to sell cigarettes without a tax stamp affixed is a violation of the criminal laws of the State of Rhode Island. *Narragansett Indian Tribe of Rhode Island v. State of Rhode Island*, 296 F.Supp.2d 153 (D.R.I. 2003) aff'd (407 F.3d 450 (1st Cir. May 2005), cert. denied _____ U.S. _____, 127 S.Ct. 673, 166 L.Ed.2d 516, (U.S. Nov 27, 2006) (NO. 06-414)).

2) The Rhode Island State Police had a legal right to be on the premises of the Narragansett Smoke Shop on July 14, 2003. *Id.*

3) Neither the State nor the Rhode Island State Police violated federal law or the Tribe's sovereign rights by executing a search warrant on July 14, 2003. *Id.*

4) The search warrant served on July 14, 2003 was valid. *Id.*

## JURY INSTRUCTION NO. 7

## SEARCH WARRANTS

In executing a search warrant officers may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search. More specifically, an officer may use reasonable force to detain the occupants of a premises that is being searched pursuant to a search warrant. Indeed, the law recognizes that the risk of harm to officers and occupants is minimized if the officers routinely exercise unquestioned command of the situation.

Muehler v. Mena, 544 U.S. 93, 98-100 (2005);
Los Angeles County, Ca. v. Rettele, ___ U.S. ___, 127 S.Ct. 1989, 1992 (2007).

## JURY INSTRUCTION NO. 8

## FOURTH AMENDMENT — REASONABLENESS GENERALLY

The Fourth Amendment to the United States Constitution provides citizens with the right to be protected against unreasonable searches and seizures.

Reasonableness is to be determined by balancing the nature and quality of the intrusion on an individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.

United States v. Place, 462 U.S. 696 (1983).

**<u>JURY INSTRUCTION NO. 9</u>**

**REASONABLE USE OF FORCE**

Trooper Kenneth Jones had lawful authority, indeed the lawful duty under State law, to use such physical force as may have been reasonably necessary to preserve the public peace, prevent crime, arrest offenders, and execute search warrants, and to protect the public, other police officers, and themselves as well, from physical harm at the hands of any person, including, of course, Adam Jennings.

So, even though you should find from a preponderance of the evidence in this case that the acts alleged by the Adam Jennings were in fact knowingly done by Kenneth Jones, if you also find that they were done for any one or more of the lawful purposes mentioned, such conduct was not beyond the bounds of lawful authority under State law, and so was lawful, unless you further find, from a preponderance of the evidence in the case, that Ken Jones used more or greater force or means on Adam Jennings than would have appeared to a reasonable law enforcement officer, in like circumstances, to be necessary in order to accomplish the lawful purpose or purposes intended.

The use of excessive force, however, and the operative word here is excessive force, if the police officer uses excessive force in detaining an individual while the search is being conducted or in arresting an individual, then that's considered to be an unreasonable seizure and that would violate the Fourth Amendment.

Now, in order to establish that a defendant used excessive force, the plaintiff must show that the force used was objectively unreasonable. And the test of objective unreasonableness or objective reasonableness, I guess, more accurately, is whether a

reasonable officer could have acted in the same way under the same circumstances. In this case, among the factors to be considered in determining whether a defendant used excessive force against a plaintiff in executing a search warrant, are, number one, whether it appeared that the plaintiff posed a threat to the safety of the officer or others. If so, how immediate and serious the threat was.

Another factor is whether the plaintiff was interfering with or disrupting the search in some way. Another is whether the plaintiff was actively resisting efforts to restrain him or was attempting to flee. You'll recall I told you that an officer is permitted to detain an individual who is present at the site of a search when a search is being conducted pursuant to a warrant. Another factor is the degree of force used and also whether the degree of force was proportional to what was appropriate under the circumstances.

<u>Feemster v. Dehntjer</u>, 661 F.2d 87 (8th Cir. 1981).

**JURY INSTRUCTION REQUEST NO. 10**

**TOTALITY OF CIRCUMSTANCES**

In analyzing whether Trooper Jones used excessive force, you must look at the totality of the circumstances. The case must be decided in light of all of the events that had taken place involving Adam Jennings (or "inside the trailer").

Graham v. Connor, 490 U.S. 386 (1989).

**JURY INSTRUCTION REQUEST NO. 11**

**(ALTERNATIVE) EXCESSIVE FORCE**

Adam Jennings claims that Trooper Kenneth Jones violated his constitutional rights when he used excessive and unnecessary force against him during an arrest.

Trooper Jones denies that his actions violated any of Adam Jennings' constitutional rights. Trooper Jones claims that he was acting in good faith and with probable cause. Trooper Jones further claims that he was not guilty of any fault or wrongdoing, because the force he used was reasonable and necessary under the circumstances.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hind-sight. You need to make allowances to the extent the that police officers this case may have been forced to make split-second judgments—in circumstances that may be tense, uncertain, and rapidly changing —.

In other words, the test is not what may appear to be reasonable in a calm atmosphere of a courtroom after there's been a great deal of opportunity for reflection and for deliberation, and perhaps to learn facts that were non known at the time the officer acted, but rather, the test is what was reasonable in the context of the information that was available to the officer at the time and the circumstance that confronted the officer at the particular time. That's the frame, that's the prism through which you need to look in determining whether the officer acted in an objectively reasonable manner or whether his actions were unreasonable

<u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Saucier v. Katz</u>, 503 U.S. 194, 205 (2001).

**JURY INSTRUCTION REQUEST NO. 12**

**QUALIFIED IMUNITY**

If you find that Adam Jennings has proven his claim, you must then consider Ken Jones's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that he is therefore not liable.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that Adam Jennings has proved either (1) that Trooper Jones was plainly incompetent or that (2) he knowingly violated the law regarding Adam Jennings' constitutional rights, you must find for Adam Jennings. If, however, you find that Ken Jones had a reasonable belief that his actions did not violate Adam Jennings' constitutional rights, then you cannot find him liable even if Adam Jennings' rights were in fact violated as a result of Trooper Jones's objectively reasonable action.

**JURY INSTRUCTION REQUEST NO. 13**

**PROXIMATE CAUSE**

Adam Jennings must prove by a preponderance of the credible evidence that Trooper Jones's actions were a cause-in-fact of the damage that he claims to have suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Adam Jennings must also prove by a preponderance of the evidence that the act or failure to act by Trooper Jones was a proximate cause of the damage that he suffered. An act or omission is a proximate cause of the injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Johnson v. Morel, 876 F.2d 477, 479 (5th Cir.1989). See Anderson v. Nosser, 456 F.2d 835 (5th Cir.1972), affirmed *sub nom*. Nosser v. Bradley, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); Reimer v. Smith, 663 F.2d 1316 (5th Cir.1981). Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156, 60 U.S.L.W. 4151 (1992); Pattern Jury Instructions 10.5.

**JURY INSTRUCTION REQUEST NO. 14**

**SUSPECT/HANDCUFFING**

A law enforcement officer does not have to believe everything a suspect tells him, especially when the officer is in the process of handcuffing that suspect.

Rodriguez v. Farrell, 294 F.3d 1276, 1278 (11th Cir. 2002); McDermott v. Town of Windham, 204 F. Supp.2d 54 (D.Me. 2002); Paulin v. City of Loxley, AL, 171 Fed. Appx. 773 (11th Cir. 2006); Calvi v. City of Rockland, 2006 WQL 890687 (D.Me. 2006); aff'd 470 F.3d 422 (1st Cir. 2006); Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001).

## JURY INSTRUCTION REQUEST NO. 15

**FORCE DURING ARREST**

The right to make an arrest carries with it the right to use some degree of force. The use of force is an expected, necessary part of a law enforcement officer's tasks of subduing and securing individuals suspected of committing crimes.

Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002); Graham v. Connor, 490 U.S. 386 (1989).

**<u>JURY INSTRUCTION REQUEST NO. JURY INSTRUCTION NO. 16</u>**

**FACT OF INJURY/PRE-EXISTING INJURY**

The mere fact that Adam Jennings suffered an injury is insufficient to prove a case of excessive force. Adam Jennings must prove that the force used was not objectively reasonable at that moment, under all of the circumstances, as I have instructed you. What would ordinarily be considered reasonable force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown to the officer at the time.

<u>Rodriguez v. Farrell</u>, 280 F.3d 1341 (11th Cir. 2002); <u>Silverman v. Baallantine</u>, 694 F.2d 1091 (7th Cir. 1982); <u>Schultz v. Hall</u>, 365 F.Supp.2d 1218 (N.D. Fla 2005).

**JURY INSTRUCTION REQUEST NO. 17**

**EXTENT OF PROOF (NO REASONABLE OFFICER)**

In order to prevail on his claim, Adam Jennings must prove by a preponderance of the credible evidence that no reasonable officer, when confronted with the situation that existed inside of the Smoke Shop, would have acted as Trooper Kenneth Jones did.

Isom v. Town of Warren, Rhode Island, 360 F.3d 7 (1st Cir. 2004); Berube v. Conley, 506 F.3d 79, 85 (1st Cir. 2007); Napier v. Town of Windham, 187 F.3d 177 (1st Cir. 1999).

## JURY INSTRUCTION REQUEST NO. 18

## (MISTAKEN) AMOUNT OF FORCE NECESSARY

If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, the officer would be justified in using more force than in fact was needed.

Saucier v. Katz, 503 U.S. 194, 205 (2001).

**JURY INSTRUCTION NO. 19**

**LEAST RESTRICTIVE MEANS**

You are instructed that an officer is not required to use the least restrictive means or least intrusive force possible. Whether Kenneth Jones hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue.

Scott v. Harris, ___ U.S. ___, 127 S.Ct. 1769 (2007); Berube v. Conley, 506 F.3d 79 (1st Cir. 2007); Santana v. City of Hartford, 283 F.Supp. 2d 720 (D.Conn. 2003); Roy v City of Lewiston, 42 F.3d 691 (1st Cir. 1994); Forrester v. City of San Diego, 25 F.3d 804 (9th Cir. 1994).

**JURY INSTRUCTION REQUEST NO. 20**

**QUALIFIED IMMUNITY - §1983**

Qualified immunity protects state officials like Trooper Kenneth Jones in the exercise of their discretion, "from [personal] liability for civil damages insofar as [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Qualified immunity is defined as:

> [G]overnment officials performing discretionary functions [have] qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought to be consistent with rights they are alleged to have violated. Somewhat more concretely, whether an official protected by qualified immunity may be held to be personally liable for an allegedly unlawful official action generally turns on the "objective reasonableness" of the action assessed in light of the legal rules that were "clearly established" at the time it was taken. (citations omitted)

"Clearly established" means "the contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." Anderson v. Creighton, 483 U.S. 635 (1987).

"[S]tate officials exercising discretionary authority are entitled to qualified immunity insofar as their conduct does not transgress clearly established constitutional or federal statutory rights of which a reasonably prudent official should have been aware." Buenrostro v. Collazo, 973 F.2d 39, 42 (1st Cir. 1992). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) (c*itation omitted*). "In essence, then, the defense of qualified immunity offers sanctuary not only to government officials who act with impeccable propriety, but also to those

who err but could not have reasonably understood that their actions infracted a prospective Plaintiff's federally assured rights." deQuintero v. Aponte-Rogue, 974 F.2d 226, 228 (1st Cir. 1992) (citations omitted).

You must ascertain whether Adam Jennings has alleged, with the requisite particularity, that a state actor violated some right that emanated from federal law." ***Id.*** (*citing* Siegart v. Gilley, 111 S.Ct. 1789, 1793 (1991)). Next, you must "ascertain whether the right at issue was 'clearly established' at the time of the infringement." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Then you must decide whether each Defendant in this case acted reasonably under the circumstances. If you find that Ken Jones acted reasonably, then you must find in favor of Ken Jones.

## JURY INSTRUCTION REQUEST NO. 21

### NEGLIGENCE DOES NOT AMOUNT TO A FEDERAL CONSTITUTIONAL VIOLATION

Negligence under state law does not amount to a federal constitutional violation.

Boveri v. Town of Saugus, 113 F.3d 4 (1st Cir. 1997).

**JURY INSTRUCTION REQUEST NO. 22**

**ASSAULT AND BATTERY**

Adam Jennings claims that Ken Jones committed an assault and battery upon him.

An assault is a physical act of a threatening nature or an offer or corporal injury, which puts an individual in reasonable fear of imminent bodily harm.

Police officers are protected from liability for assault and battery if the police officer used reasonable force. If you find that Trooper Kenneth Jones used reasonable force to effectuate a legal arrest of Adam Jennings, or in controlling Adam Jennings, then you must return a verdict in favor of Trooper Jones on the claim of assault and battery. If you find that Trooper Jones had an objectively reasonable belief that probable cause existed to arrest Adam Jennings or subdue him and the use of force to effectuate the arrest was reasonable, then you must return a verdict in favor of Trooper Jones.

**<u>JURY INSTRUCTION REQUEST NO. 23</u>**

**DAMAGES TO BE REASONABLE**

If you, the jury, determine under the rules and definitions I have given you, that Adam Jennings is entitled to recover damages, and only if you so determine, then he is entitled to recover only fair, just and reasonable compensation. It is not proper for a jury in considering the question of damages to attempt to be generous, rather than fair and reasonable. Damages must be based on the evidence so as to reasonably compensate the injured party.

## JURY INSTRUCTION REQUEST NO. 24

### EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required accept that opinion. As with any other witness, it is to you to decide whether to rely upon it.

## JURY INSTRUCTION REQUEST NO. 25

### NO PUNITIVE DAMAGES

You are instructed that you may not award punitive damages against Ken Jones. Such damages are designed to punish a Defendant, and are not warranted in this case.

Jennings v. Jones, 499 F.3d 2, 23 (1st Cir. 2007).

## JURY INSTRUCTION REQUEST NO. 26

## RESISTING ARREST

Under the law of the State of Rhode Island, it is unlawful for any person to use force in resisting either a legal or an illegal arrest by a law enforcement officer, if the person has reasonable grounds to believe that he or she is being arrested and that the arrest is being made by law enforcement officer.

R.I. Gen. Laws § 12-7-10.

**<u>JURY INSTRUCTION REQUEST NO. 27</u>**

**DEFENSES TO ASSAULT & BATTERY**

You are instructed that a police officer is entitled to use a reasonable amount of force in order to effectuate an arrest. Legal justification is an absolute defense to a claim of assault and battery. If you find that Trooper Kenneth Jones used only reasonable force, then you must find for him on Plaintiffs' claims of assault and battery

<u>Curtis v. State, DCYF</u>, 522 A. 2d 203 (R.I. 1987).

**JURY INSTRUCTION REQUEST NO. 28**

**STATE LAW QUALIFIED IMMUNITY**

You are instructed that Government Officials performing discretionary functions are shielded from liability for civil damages so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

In other words, the defense of qualified, or "good faith" immunity is available to law enforcement officers to protect them from liability for damages if they acted in the good faith belief based upon grounds that the measures they took were necessary.

Hatch v. Town of Middletown, 311 F.3d 83 (1st Cir. 2002); Patterson v. Fuller, 654 F.Supp. 418 (N.D.Ga.1987).

## JURY INSTRUCTION NO. 29

**GOOD FAITH (STATE LAW CLAIMS)**

If Trooper Kenneth Jones reasonably believed that he was acting by authority of a valid statute or ordinance, and acted in good faith on the basis of this belief and with a reasonable belief in the validity of his actions, then this reasonable belief and good faith action should constitute a defense to the Plaintiffs' state law claims.

Feemster v. Dehntjer, 661 F.2d 87 (8th Cir. 1981).

**JURY INSTRUCTION NO. 30**

**ABSENT WITNESS – EMPTY CHAIR DOCTRINE**

In this case, the witness (name) has not testified. If you find that this witness is a witness who would be expected to give material testimony in one of the parties' behalf and that the party has failed without explanation to produce this witness, then you may infer that the witness' testimony would have been adverse to that party. Before you make such an inference, however, you must find that the witness was available to appear and to testify at the request of the party against whom the inference is to be drawn. Further, you must find that his/her testimony would have been material and not merely cumulative and that it would have been of benefit to the party against whom the inference is proposed to be drawn. Unless you find that these predicates have been proved then you may not draw the unfavorable inference.

Furthermore, if you find that the witness was equally accessible to either of the parties, no adverse inference can spring from failure of either party to call that witness. Finally, the inference is not operable where the witness' testimony would merely cumulative to what has already been adduced at trial.

Conlin v. Greyhound Lines, Inc., 120 R.I. 1, 384 A.2d 1057 (1978); Anderson v. Friendship Body & Radiators Works, Inc., 311 A.2d 288 (1973); McCall v. LaFerriere, 79 R.I. 174, 180, 86 A.2d 46 (1952).

Respectfully Submitted,
Defendants,
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Partington*
*/s/ John Moreira*

Rebecca Tedford Partington # 3890
Deputy Chief--Civil Division
John Moreira # 7371
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
Fax (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I have filed the within via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be sent to the Attorney of Record listed below on this 18th day of July, 2008.

/s/ *Rebecca Partington*

**Charles M Bradley**
bradley39@earthlink.net