**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ADAM JENNINGS, | : | |
| | : | |
| Plaintiff | : | C.A. No. 03-572ML |
| | : | |
| V. | : | |
| | : | |
| KENNETH JONES, | : | |
| | : | |
| | : | July 18, 2008 |
| Defendants | : | |

## PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

Now comes the plaintiff and request that the jury be instructed with the jury instructions attached hereto.

THE PLAINTIFF,

/s/ Michael Bradley

Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax

## JURY INSTRUCTION NO. 1

## FREE SPEECH

You cannot be constitutionally arrested for disorderly conduct related to your speech unless that speech is likely to provoke a violent reaction. State v. Tavarozzi, 446 A.2d. 1048 (R.I. 1982), Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.ed 1031 (1942).

## **JURY INSTRUCTION NO. 2**

The charge of disorderly conduct is considered a petty misdemeanor in Rhode Island. Rhode Island v. Martini, 860 A.2d. 689 (R.I. 2004).

**JURY INSTRUCTION NO. 3**

**FREEDOM OF SPEECH**

Speech is often provocative and challenging . . . (but it) is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest, Houston v. Hill, 482 U.S. 451 at 460-67, 107 S.Ct. 2502, 96 L.ed 2nd 398 (1987).

## JURY INSTRUCTION NO. 4

## FREE SPEECH- POLICE OFFICERS

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers, City of Houston v. Hill, 482 U.S. 451 (1987).

**JURY INSTRUCTION NO. 5**

Once an individual is restrained there is little governmental interest in the continued use of force, O'Neill v. Krzeminski, 839 F.2nd. 9 (2nd Circuit 1988).

# **JURY INSTRUCTION NO. 6**

A person, even if lawfully detained, has a constitutional right to be free from excessive force, Graham v. Connor, 490 U.S. 386 at 394. (1989).

## JURY INSTRUCTION NO. 7

A police officer may use physical force upon another person when and only to the extent it is reasonably necessary to effect a seizure, Graham v. Connor. 490 U.S. 386 (1989).

## JURY INSTRUCTION NO. 8

## POLICE CONDUCT AS NECESSITATING FORCE

In considering whether the force used was excessive, you may consider whether an officer's own deliberate or reckless conduct during a seizure created the need to use such force, Sevier v. City of Lawrence, Kansas, 60 F.3d. 695 (10th Cir. 1995).

# **JURY INSTRUCTION NO. 9**

## **EFFECT OF CESSATION OF RESISTANCE UPON EXCESSIVE FORCE DETERMINATION**

It is unlawful to apply force to an individual who is no longer resisting arrest

Feemster v. Dehntger 661 F.2d 87, 89 (8th Cir. 1981).

**JURY INSTRUCTION NO. 10**

**INTENT**

When considering whether an officer's force is excessive, you must view the Defendant's actions without regard to his underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of a objectively reasonable use of force nor will an officer's good intentions make an objectively unreasonable use of force constitutional, Alexis v. McDonald's Restaurants of Massachusetts, 67 F.3d 341 (1st Cir 1995)

# **JURY INSTRUCTION NO. 11**

## **INTENT**

Once a Constitutional violation has been made out, a showing of intent to injury is not a further pre-requisite to recover under Section 1983, Patterson v. Fuller, 654 F. Supp. 418, 426 (N.D. Ga. 1987).

**JURY INSTRUCTION NO. 12**

**PUNITIVE DAMAGES**

You may award punitive damages against any defendant under Rhode Island law in an instance where a Defendant's conduct requires deterrence and punishment over and above that provided in an award of compensatory damages, Kady v. IMC MORTG. Co., 862 A.2d.202 (R.I. 2004).

**JURY INSTRUCTION NO. 13**

**PUNITIVE DAMAGES**

You may levy punitive damages upon Jones if you find that its conduct was shown to be motivated by evil motive or intent, or if it involved reckless or callous indifference to the rights of Adam Jennings, Smith V. Wade, 461 U.S. 30, 56 (1983), Casillas-Diaz v. Palau, 463 F.3d 77 (1st Cir. 2006).

## JURY INSTRUCTION NO. 14

## SERIOUSNESS OF INJURY

The severity of the injury suffered by the plaintiff is irrelevant factor in the analysis of whether excessive force has been uses Wardlaw v. Pickett, 1F.3d 1297, 1304, n.7 (D.C. Cir. 1993).

**JURY INSTRUCTION NO. 15**

**RIGHT TO RESIST UNLAWFUL ARREST**

A person has no right to resist arrest even if it turns out to unlawful if the person is aware of the office identity and purpose the arresting office and the office does not use unreasonable force U.S. v. Charles, 456 F.3d 249 (1st Cir. 2006).

## JURY INSTRUCTION NO. 16

## EVENTS LEADING UP TO THE BREAKING OF THE PLAINTIFF'S LEG

In considering whether Jones' use of force was excessive you should consider events leading up to the breaking of Adam Jennings' leg in determining of whether Jones used excessive force Young v. City of Providence Ex Rel. Napolitano, 404 F.3d 4 ( Cir. 2005).

**JURY INSTRUCTION NO. 17**

**ASSAULT AND BATTERY**

The plaintiff, Adam Jennings has made a claim that he was also the victim of the defendant Jones' assault and battery. In order to prevail on this claim the plaintiff had to prove that the defendant made unpermitted bodily contact with the plaintiff without the plaintiff's consent, that the defendant did so intentionally, and that the contact would have been physically harmful or was physically harmful, or would have been offensive to a person of normal sensibilities. You remember that the first element required that the bodily contact be "unpermitted". Therefore you can only find that Jennings was a victim of assault and battery if you also find that Jones' contact with him was unpermitted or excessive as that term has already been explained to you.

THE PLAINTIFF,

/s/ Michael Bradley
Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax

## CERTIFICATION

I hereby certify that I have filed the within ***Jury instruction requests*** via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be send on this 18th day of July, 2008 to the following counsel of record:

John M. Moreira
Mareira_j@riag.ri.gov
Rebecca Tedford Partington
rpartington@riag.ri.gov

/s/ Michael Bradley
Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax