**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ADAM JENNINGS, | : | |
| | : | |
| Plaintiff | : | C.A. No. 03-572ML |
| | : | |
| V. | : | |
| | : | |
| KENNETH JONES, | : | |
| | : | |
| | : | July 18, 2008 |
| Defendants | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE SEEKING TO LIMIT THE USE OF VIDEO RECORDINGS.**

The plaintiff objects to the defendant's motion to limit the playing of videos for several reasons.

First, in terms of what the defendant seeks, the vagueness of his motion prohibits the plaintiff from effectively responding. The defendant fails to articulate what it is he is asking this court to order. Perhaps this inability

to articulate what the defendant is requesting is understandable in light of how unpredictable trials are. If a witness at first does not perceive what is shown on a video and needs to see it again, is the defendant proposing that the witness be refused access to a re-viewing of the video? Is this court being asked to prohibit certain witnesses from seeing it if a video has been shown already? If a witness at first does not perceive what is shown on a video and needs to see it again, is the defendant proposing that the witness be refused access to a reviewing of the video?

The video is so compellingly prejudicial not only to the defendant but to several of his supporting witnesses that it is completely understandable that the defendant would like to limit its viewing to the greatest extent possible. However, the defendant has failed to articulate any proposal for

how this should be done even were it fair to do so. Several important factual issues are resolved by the video and they are not susceptible to resolution by viewing the video once. In parts of the videos relevant things are happening in more than one place at the same time. For example, what is happening to Adam Jennings in terms of handcuffing while Willfred Hill, one of the arresting officers, is getting up from the group of officers on the floor, is important. Hill may need to view the video more than once to answer question on the two different issues concerning what is happening with him and what is happening with Jennings. The defendant is asking this court, albeit in a request that is bereft of detail, to impede the plaintiff in the presentation of his case.

Finally, the defendant's use of Miller v. Lewis, 381 F. Supp. 2d 773 (N.D. Ill. 2005) needs to be addressed. The defendant cites that case for the proposition that the Miller court "determined that repeated and slow-motion replay of a video tape in an excessive force case was improper "in granting summary judgment for the defendant officer. Defendant's Motion in Limine dated July 7th, 2008.

The plaintiff attaches a copy of the full decision. Nowhere within it is there even a suggestion that the court made such a ruling. In fact, Judge Philip himself admitted that he had engaged in such conduct himself in reviewing the evidence in Miller in considering his decision on the motion for summary judgment. Nowhere did Miller suggest that viewing and re-viewing a video and viewing it in slow motion would be

objectionable, especially in a case such as this where there are disputes concerning who was doing what to whom and at what times. The defendant's representation to this court that the Miller court refused to allow such "manipulation", simply put, grossly mischaracterizes his opinion.

To the extent that the plaintiff can understand the defendant's motion, the plaintiff hereby objects to any attempt on the part of the defendant to improve his case by limiting access to the most important evidence in this case and the plaintiff objects to the defendant's attempt in any way to hamstring any witness in his testimony or the plaintiff in the presentation of his case.

RESPECTFULLY SUBMITTED,

/s/ Michael Bradley
Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax

**CERTIFICATION**

I hereby certify that I have filed the within ***Plaintiff's objection to defendant's motion in limine in seeking the limit of use of video recordings*** via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be send on this 18th day of July, 2008 to the following counsel of record:

John M. Moreira
Mareira_j@riag.ri.gov
Rebecca Tedford Partington
rpartington@riag.ri.gov

/s/ Michael Bradley
Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax