**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ADAM JENNINGS, | : | |
| | : | |
| Plaintiff | : | C.A. No. 03-572ML |
| | : | |
| V. | : | |
| | : | |
| KENNETH JONES, | : | |
| | : | |
| | : | July 21, 2008 |
| Defendants | : | |

**MOTION FOR CONTINUANCE, AND CHANGE OF VENUE OR, IN THE ALTERNATIVE, MOTION FOR VOIR DIRE**

The plaintiff moves for a continuance of this trial and a change of venue for the following reasons. Defense counsel has informed the undersigned that local television news programs have within the last few days broadcast information about the imminency of this trial and have included within the news casts the information that Judge Torres ordered a new trial because he found Jones' witnesses more credible than Jennings and his witnesses. These broadcasts occurred after the jury was impaneled.

The undersigned has personally read articles published in Westerly Sun of Tuesday, July 15th, and Wednesday, July 16th to the same effect. On Wednesday, July 16th in the "Rhode Island" section of the Providence Journal, on page B2, above the fold, the following paragraph appeared in a large article entitled "Trooper's Trial Begins Next Week":

- In May, Torres granted the state's motion for a new trial. In ruling, he wrote that the state police testimony proved more believable than that of the defense witnesses and Jennings during the 2005 trial.

Eight persons have been picked for this jury and, without exception, all of them indicated familiarity with the smoke shop episode derived either from television or newspaper accounts or both. The jurors are from Westerly, Middletown, South Kingstown, Warwick, Coventry, Cumberland, North Providence, North Kingstown, and Pawtucket.

The referral to Judge Torres, opinion, while accurate, is also obviously inflammatory. Prejudice may be presumed where inflammatory publicity has so saturated a community as to render it difficult to draw an impartial jury or where enough jurors admit to

prejudice to cause concern as to any jows of impartiality by the other jurors. United State v. Rodriguez-Cardona, 924 F2d 1148, 1158 (1st Cir.), cert. denied, 502 U.S. 809 (1991). The undersigned can think of few things more inflammatory than the dissemination of information to the public at large that a second trial of a case was necessitated by the opinion of an eminent jurist that one side's witnesses' testimony was to be favored over the testimony of the other's.

The plaintiff requests a continuance of this case and a change in venue to an area where the events of the smoke shop incident and the subsequent proceedings related to it will not be of such interest to the newspaper serving the area from which the jury pool would be derived. Such places would include Worcester, Massachusetts and Boston.

Against the possibility that this court is not favorably disposed to grant this motion, it must recognize the threat posed by these newscasts and articles to the plaintiff's right to receive a fair trial, a trial in which the facts would be neutrally judged by an impartial jury that has not been affected by Judge Torres' opinion. Although Judge Torres' opinion will

inevitably provide further business in this case after this trial, it is this trial that the parties must focus on now. Not only fairness to Adam Jennings but the sanctity of the judicial process itself requires that steps be taken to insure that no juror has been exposed to Judge Torres' reasons for granting a new trial in this matter.

The plaintiff respectfully request in the alternative to a continuance and change of venue that the jurors in this matter be privately voir dired to make sure that no one has learned that they are sitting as jurors in a retrial because Judge Torres rejected the testimony they will inevitably hear.

RESPECTFULLY SUBMITTED,

/s/ Michael Bradley

Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax

## CERTIFICATION

I hereby certify that I have filed the within ***Motion for continuance , and change of venue, or in the alternative motion for voir dire*** via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be send on this 21st day of July, 2008 to the following counsel of record:

John M. Moreira
Mareira_j@riag.ri.gov
Rebecca Tedford Partington
rpartington@riag.ri.gov

/s/ Michael Bradley
Michael Bradley
39 Grove Avenue
Westerly, RI 02891
R.I. Code# 3551
(401) 596-0808
(401)596-1327 Fax