**UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADAM JENNINGS** | : | |
| **Plaintiff** | : | **C.A. No. 03-572ML** |
| **v.** | : | |
| | : | |
| | : | |
| **KENNETH JONES,** | : | |
| **Defendant** | : | |

**MOTION TO DISMISS**

Now comes the Defendant, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, and hereby moves for an order dismissing this matter for discovery violations. A memorandum and exhibits in support hereof are attached.

Respectfully Submitted,

Kenneth Jones,
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Partington*

Rebecca Tedford Partington # 3890
Deputy Chief--Civil Division
John Moreira # 7371
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
Fax (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I have filed the within Motion to Dismiss via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be sent to the Attorney of Record listed below on this 21st day of July, 2008.

/s/ *Rebecca Partington*
______________________________

**Charles M Bradley**
bradley39@earthlink.net

**UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADAM JENNINGS** | : | |
| **Plaintiff** | : | **C.A. No. 03-572ML** |
| **v.** | : | |
| | : | |
| | : | |
| **KENNETH JONES,** | : | |
| **Defendant** | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

During the discovery phase of this litigation, Adam Jennings, along with the other two plaintiffs, were requested to provide any written statements they had given regarding the matter in litigation. In a response dated September 24, 2004, Adam Jennings replied "The plaintiff has made no written statements." (Responses to Document Request, Exh. A). On July 20, 2008 when reading a transcript in Jennings' Superior Court criminal trial, it became clear that Jennings had in fact prepared a written statement and submitted it to the Narragansett Tribal Police. On Monday, July 21, 2008 counsel obtained a copy of that statement. It is hand written by Jennings and is dated July 14, 2003. (Statement, Exh. B). This statement has never been provided in discovery. Further, at the bottom of the report, there is an indication that Jennings was re-interviewed. This begs the question of whether there is yet another written report that has not been provided.

This is not the first time that a failure to honestly respond to discovery has come to light. In a routine interrogatory, the Defendants asked each Plaintiff to disclose any arrest history. In his answers to interrogatories, Jennings failed to disclose an arrest for resisting arrest, even though he knew it would have been responsive to the interrogatory.

Counsel was allowed to inquire into that omission during the trial. (Transcript, March 22, 2005, pages 132-135, Exh. C). This second failure to disclose significant facts during the discovery process calls into doubt all of the other discovery responses to date. Likewise, the other plaintiffs failed to turn over written statements they had made, which would have terminated their cases prior to trial. For example, in Paulla Dove Jennings' written statement to tribal police, likewise obtained on July 21, 2008, she describes a man assaulting her at the doorway. Notwithstanding that statement, her complaint names Staci Shepard as the one who assaulted her. Shephard was forced to answer to serious claims of assault, endure several days of trial, with her case ultimately submitted to the jury for determination. Fortunately, she prevailed.

Rule 37 allows for several remedies for failure of a party to respond to discovery, and Rule 41(b) provides for dismissal. Defendant submits that the two failures to disclose in this case were significant, were never disclosed by Plaintiff—but rather were uncovered by Defendant's counsel--and were undoubtedly knowing and intentional. Their cumulative effect is to render all discovery in this case worthless. For these reasons, Defendant Kenneth Jones prays that this matter be dismissed.

Respectfully Submitted,

Kenneth Jones,
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Partington*

Rebecca Tedford Partington # 3890
Deputy Chief--Civil Division
John Moreira # 7371
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
Fax (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I have filed the within Memorandum in Support of Motion to Dismiss via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be sent to the Attorney of Record listed below on this 21st day of July, 2008.

/s/ *Rebecca Partington*

**Charles M Bradley**
bradley39@earthlink.net

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAULA DOVE JENNINGS, et al<br><br>Plaintiffs<br>V.<br><br>STEVEN M. PARE, in his representative capacity as Colonel of the RHODE ISLAND STATE POLICE, et al<br><br>Defendants | : | C.A. NO.: 03-572T<br><br>September 24, 2004 |

**PLAINTIFF, ADAM JENNINGS, RESPONSE TO DEFENDANTS REQUEST FOR PRODUCTION**

1. Objection, other than medical records, every other tangible items identified in plaintiff's responses were provided to the plaintiff by the defendant and therefore, should not need to be provided back to the defendant.
2. The plaintiff has none in his possession and would not know how to get them.
3. N/A.
4. Any other claims made by or against the plaintiff for damages similar to those alleged in this suit. N/A.
5. Not Applicable.

6. Objection, other than medical records provided every document relating to this arrest has been provided to the plaintiff by the defendants and should not know have to be provided to the defendants by the plaintiff.

7. N/A.

8. N/A.

9. Objection. All documents that might be probative of the issue of qualified immunity have been provided to the plaintiff by the defendant and should not know have to be provided by the plaintiff to the defendants with the exception of medical records which have already been provided to the defendants.

10. The plaintiff has made no written statements. On information and belief it would seem to be impossible to produce any oral statement that was made by the plaintiff or his representatives.

11. Objection. This request to produce would seem to request that the plaintiff simply photocopy all letters, etc. which both parties already have and as such both are overly burdensome and not calculated to lead to the discovery of relative evidence.

12. N/A.

13. Objection. Videotapes, the only evidence to which this request for production could refer, have already been provided by the defendants to the plaintiff and should not have to be provided now to the defendants by the plaintiff.

14. Appended.

15. Appended.

16. Appended.
17. Appended.
18. Not Applicable.
19. Not Applicable.
20. Not Applicable.
21. Not Applicable.
22. The plaintiff is not in the possession of any such transcripts.
23. As yet unidentified. When they are identified, the plaintiff will identify them and give leave to the defendants to acquire them by their own efforts.
24. Will be supplemented.
25. Not Applicable.
26. Not Applicable.
27. Objection, overly broad, overly burdensome, and not calculated to lead to the discovery of admissible evidence.
28. I was unemployed at the time of the accident from the Mashantucket Foxwoods Casino, but was called back after the incident and was only able to work short shift (approximately 3 hours) and could request to leave early without penalty. See authorization for employment records attached.
29. N/A.

I hereby certify that I have reviewed the above Request for Production responses and that they are true and accurate to the best of my knowledge and belief.

Adam Jennings

Subscribed and sworn to before me this 24 day of September, 2004

Commissioner of the Superior Court

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, this 27 day of September, 2004 to:

Rebecca Partington, Esq.
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

Michael Bradley

# EXHIBIT B

pg. 1 of 2

# NARRAGANSETT TRIBAL POLICE
## WITNESS STATEMENT

Name: Adam W Jennings Date of Birth: 10/02/67

Street: 325 B Arcadia Road City: Hope Valley ST: RI Zip 02832 [redacted]

Telephone: (401) 539-0089 Social Security Number: [redacted]

Statement: On July 14, 2003 at approximatly 1 pm I was
working in the Tribes smoke shop Behind the counter.
I saw my mother Paulla Jennings being pushed at the
door I came around the counter and beggan pushing people at
door out. I thought we were Being robbed and was Trying To
protect my mother I asked my mother To move To The other
side of The Building. At no Time did anyone Identify who
They were. The Told me To put my hands on the counter. I
complied. I told Them not to Touch my mother and To Leave
her alone. They Told me to go around The counter and sit
Down. I complied imediatly. Sitting in the chair They To me To
slide over. I complied. They told me to slide over more. I did it.
by that time I realized They where state Troopers. I told Them
They had no right to be on Tribes Land and Don't mess whith
my mother. They Told me to Leave The building. I got up
and walked Towards the door passing many police along The
way. At The door someone said That's it your under arrest. I told
him That someone told me to Leave The Building. The
next thing I knew I was surrounded By people pulling me down
I didn't resist and landed with one arm underneith me and
The other beside me. Someone had a knee in my head. Someone
was holding my neck. Someone was on my chest. My ankle was grabed
and Twisted. I said I cant move. Whoever was Twisting my
ankle said put your hands behind your back. I put The hand
I could move behind me. I told him your breaking my ankle stop.
He Twisted harder. I siad I can't move agin. I Told him I broke
That ankle 2 years ago. I cant move I'm not resisting!

Officer's Signature

7-17-03
Date

Adam W Jennings
Witness Signature

July 14, 2003
Date

Re-Interviewed
on July 24, 2003
7-03
Edward A. McD. #7 Adam W Jennings

ADAM JENNINGS. 7/14/03

| 1. District | 2. Complaint No. | CONTINUATION SHEET | Page 2 of 2 |
|---|---|---|---|
| 3. Report Date | 4. Nature of Incident | Remarks: | |

He Twisted harder and said put your hands behind your back. I hard and Felt a pop in my ankle. Finaly someone Lightend up on back and I was able To move my hand out From under me. They put The zip Locks on me. They Told me to stand up I said can't my ankle is broken. They picked me up and said come on. As I stepped down I kept going down. Two offFice had my armes and dragged me out The door and Down The steps. They put me on The ground. I asked Them To Take of my shoe. When They did They saw my ankle was swelling up. They cut oFF The zipps. An oFFicer siad He saw what happend and That They would Take care of it. He asked me iF he could get my medical redord They would Take care of it. The ambulance driver said I would have To sign a waver. I said I wanted To Talk To my Tribal Leaders. A Tribal police oFFicer said Dont sighn anything. The ambulanc came over and Took me To The hospital.

Note". Twenty Eight hours Later I recieved a message on my phone saying please call" I called and was told I was being charged and I have To go To court. I said I have no Idea who This is send me something I The mail. He said iF I dont show They will issue an arrest warrant."

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * *

PAULLA DOVE JENNINGS, ET AL., Plaintiffs,

VS.

STATE OF RHODE ISLAND, ET AL., Defendants.

* * * * * * * * * * * * * * * * *

C.A. NO: 03-572T

MARCH 22, 2005

10:00 A.M.

PROVIDENCE, RI

BEFORE THE HONORABLE ERNEST C. TORRES

CHIEF DISTRICT JUDGE

**(JURY TRIAL)**

APPEARANCES:

FOR THE PLAINTIFFS: Charles M. Bradley, Esquire
39 Grove Avenue
Westerly, Rhode Island 02891

FOR THE DEFENDANT: Rhode Island Attorney General's Office
By: Rebecca Partington, Esquire
by: Amy Vignali Coleman, Esquire
150 South Main Street
Providence, RI 02903

Court Reporter: Angela M. Reynolds, RPR-FCRR
One Exchange Terrace
Providence, RI 02903

therapy or something.
Q. You didn't receive any medical treatment or psychological treatment for that, did you?
A. No I did not. No, I have not.
Q. Now, you filed this lawsuit back in September of 2003; correct?
A. I guess that was about the time.
Q. Okay. Now, in conjunction with that lawsuit the defendants sent you a document with a long list of questions they wanted you to answer in writing; do you remember that?
A. Yes.
Q. And do you remember Interrogatory Number 3, or would you like to take a look at it?
A. I have to take a look at it.
Q. Can you see Number 3 clearly, Mr. Jennings?
A. Yes, I do.
Q. And that reads: "Identify all arrests, detentions, probations and convictions of Plaintiff, Adam Jennings, made by any law enforcement officer or agency before and/or after July 14, 2003 (the subject date of plaintiff's complaint). Include the following: A, The date of the arrest. B, If restraints were placed on plaintiff. C, The arresting agency and officer. D, The offense. E, The disposition of the offense. And,

F, Any other result of the arrest." Did I read that correctly?
A. Yes, you did.
Q. And you understood when you read that that we were looking for any other times you had ever been arrested; correct?
A. Yes.
Q. And you sat down with your attorney and you answered these, didn't you, Mr. Jennings?
A. Yes.
Q. And you answered these under oath; correct?
A. Um, yes.
Q. Well --
A. I mean I answered them, I was --
Q. Let me show you another document, see if you can look at that. The top of this document, your Answers to Interrogatories says that, "I hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief." And your signature is right under there; correct?
A. Yes.
Q. And I'd now like to show you what you told these defendants in your answer, can you see that?
A. Yes.

Q. Nowhere in that answer to Number 3 does it indicate you were arrested by the Richmond Police Department on July 14, 2004 for resisting arrest, does it?
A. No, it does not.
Q. And you signed these about a month, a month-and-a-half after that arrest, didn't you?
A. Yes.
Q. So you were fully aware that you had been arrested by the Richmond Police Department for resisting arrest, yet you didn't disclose that under oath in this litigation, did you, Mr. Jennings?
A. No, I did not.
Q. Thank you.
THE COURT: Let me just explain something to the jury here, ladies and gentlemen. This evidence comes in for a rather limited purpose. Whether Mr. Jennings was previously arrested for resisting arrest or not doesn't have anything to do with the issues in this case, but you may consider it for purposes of assessing Mr. Jennings' credibility. And by that I mean if he was asked certain questions and gave the answers under oath and the answers were not correct, if that's what you determine, then you can consider that in determining how much weight to give to the testimony he gives here under oath. But you shouldn't consider it

as evidence either for or against him in this case, because you should base your decision as to what happened here on the evidence that's been presented from the witnesses who have observed the events that are the subject of this case.

MS. PARTINGTON: Thank you, your Honor.

Q. Let me ask you just a few questions about the day of the incident, Mr. Jennings. The total area inside that trailer is about 10 feet by 15 feet; correct?

A. 10 feet by 15, lousy with measurements. I think we said it was about, what I'd say as big as that open area there, so if that's 10 by 15.

Q. Well, do you recall giving testimony earlier in this case that the trailer was maybe 10 by 15?

A. No.

MR. BRADLEY: Your Honor, I'd like to object on the basis of relevancy, your Honor.

THE COURT: Object to what?

MR. BRADLEY: We're about to put something on the screen about his testimony about the size of the trailer.

THE COURT: Well, you know more than I do. When Ms. Partington does whatever it is you think she's going to do, you can object. Until then I really can't rule on your objection.