**UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADAM JENNINGS,** | : | |
| **Plaintiff** | : | **C.A. No. 03-572ML** |
| **v.** | : | |
| | : | |
| | : | |
| **KENNETH JONES,** | : | |
| **Defendant** | : | |

**OBJECTION TO PLAINTIFF'S MOTION FOR CONTINUANCE, AND CHANGE OF VENUE OR, IN THE ALTERNATIVE, MOTION FOR VOIR DIRE**

Now comes Defendant Kenneth Jones and objects to Plaintiff's "Motion for Continuance, and Change of Venue or, in the Alternative, Motion for Voir Dire." A Memorandum in support hereof is attached.

Respectfully Submitted,

Defendant,
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Partington*
*/s/ John Moreira*

Rebecca Tedford Partington # 3890
Deputy Chief--Civil Division
John Moreira # 7371
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
Fax (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I have filed the within Objection to Motion for Continuance via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be sent to the Attorney of Record listed below on this 21st day of July, 2008.

/s/ *Rebecca Partington*
____________________________

**Charles M Bradley**
bradley39@earthlink.net

**UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ADAM JENNINGS,** | : | |
| **Plaintiff** | : | **C.A. No. 03-572ML** |
| **v.** | : | |
| | : | |
| | : | |
| **KENNETH JONES,** | : | |
| **Defendant** | : | |

**<u>MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR CONTINUANCE, AND CHANGE OF VENUE OR, IN THE ALTERNATIVE, MOTION FOR VOIR DIRE</u>**

Plaintiff has made a request for a continuance and/or a change of venue in this civil case on the eve of trial. Such a request is not warranted and not supportable in this case. Initially, the sequence of events as outlined in Plaintiff's memorandum must be clarified. On July 16, defense counsel received a telephone call from Plaintiff's counsel. Plaintiff's counsel indicated that he would be filing a motion for continuance and/or change of venue based on an article in the Providence Journal, inquiring as to whether Jones would be inclined to join him. After this inquiry, Jones' counsel offered that the information had also been on television. The next day, Jones declined to join in such a motion. (Correspondence, July 17, 2008, Exh. A).

During voir dire, Judge Almond asked each of the eight jurors, who were ultimately selected, whether they were aware of any media coverage of the smoke shop incident. In every case, each juror in a private *voir dire* at the bench (the process took nearly two hours) assured Judge Almond that they could put aside any media coverage that they had seen or heard and determine the facts based on the evidence presented at

trial. There is no reason to doubt any of the jurors' statements regarding past press coverage. Similarly, were the jurors instructed to treat the most recent and inevitable future media coverage in the same manner, there is no reason to doubt their ability to follow such an instruction.

After the jurors were seated, Judge Almond gave them the usual precautionary instructions. No doubt this court will do the same at the close of each day. It must be presumed that the jurors are going to abide by these instructions. The information in the media was part of the very public record in this case—there were no falsehoods or misstatements.

Finally, the lone case Plaintiff relies on to support his motion provides him with no support. *United States v. Rodrigues-Cardona*, 924 F.2d 1148 (1st Cir. 1991) is a criminal case involving specific constitutional protections for an accused. Further, the First Circuit in that case ***denied*** the request for a change of venue, where the circumstances were much more inflammatory than they are here. In ***Rodrigues-Cardona,*** the criminal defendants complained of "more than ten full first pages in newspapers; more than one hundred first rate news items; more than ten T.V. clippings". The First Circuit held that the level of media coverage complained of "fell well below that of other cases in which we have found no presumption of prejudice." There is no prejudice in this civil case, real or presumed.

Change of venue in civil actions is governed by 28 U.S.C. §1404, which only provides for change of venue in extremely limited circumstances and geographical areas, none of which apply here. The First Circuit has stated that "voir dire has long been recognized as an effective method of rooting out such [publicity-based] bias, especially

when conducted in a careful and thoroughgoing manner." *Correia v. Fitzgerald*, 354 F.3d 47 (1[st] Cir. 2003)(citations omitted). Judge Selya, in denying a continuance based on alleged prejudicial publicity, wrote:

> Assuming that venirepersons pass through this screen, the trial court thereafter may operate on the presumption that the chosen jurors will obey the judge's instructions to put extraneous matters aside and decide each case on its merits. While the presumption that jurors follow the court's instructions is rebuttable, rebutting it takes more than empty rhetoric.

*Id.* at 52.

For the foregoing reasons, Jones respectfully requests that the Motion be denied.

Respectfully Submitted,

Defendant,
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Partington*
*/s/ John Moreira*

Rebecca Tedford Partington # 3890
Deputy Chief--Civil Division
John Moreira # 7371
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
Fax (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I have filed the within Memo in Support of Objection to Motion for Continuance via the ECF System and that it is available for viewing and downloading and that I have caused a copy to be sent to the Attorney of Record listed below on this 21st day of July, 2008.

/s/ *Rebecca Partington*

**Charles M Bradley**
bradley39@earthlink.net

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

July 17, 2008

VIA FACSIMILE AND REGULAR MAIL

Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

Re: Jennings, et al. v. Pare, et al.

Dear Mr. Bradley,

There are several lingering issues that should be addressed before Tuesday—here is a list. Please review and let me know if you can agree:

1. Enclosed please find the diagram that was referenced during the pretrial conference.
2. Enclosed please find a still photograph of the interior at the point where your client was on the ground and Buonaiuto, Hill, Demers and Jones are around him. We propose to use this to help the jury understand where everyone was, lessening the need to show the videotape to every witness.
3. In response to yesterday's telephone call regarding the media coverage of jury selection, we will not be making any motion to continue the case or to change venue.
4. It is our understanding that the videotape that was marked as Exhibit "A" from the last trial will be used at this trial. If we then feel the need to use the longer version to impeach Mr. Piccoli, we will use the version that was given to you at the pretrial conference.
5. We suggest creating a shorter version of the interior security camera video. We hope to have that to you shortly.
6. I have told Darren Delaney to be available by cell phone at 1:00 on Tuesday so that we can give him a better idea of when you will need him.
7. As to your request for flex cuffs, we will make them available to you during the trial. We do not object to the general proposition of displaying a pair of flex cuffs to the jury. We reserve the right to object to any other uses of them at trial.
8. We object to the introduction of the photograph depicting Plaintiff sitting down outside after his arrest that you offered during the pretrial conference.
9. Finally, pursuant to discussions at the pretrial conference, we propose the following as stipulated facts:
    a. On July 12, 2003, Judge Gonella of the District Court of the State of Rhode Island found probable cause to search the premises of the Narragansett Smoke Shop in Charlestown, Rhode Island. Judge Gonella issued a search warrant

ordering the State Police to search for: cartons of cigarettes, United States currency, paperwork, items, computers or documents showing ownership, possession, or control of the premises.

b. The search warrant was served on July 14, 2003.

c. A federal court reviewed the warrant after its execution, and found the warrant valid.

d. Stipulate to the admissibility of the Complaint, Affidavit and Warrant as full exhibits.

Sincerely,

Rebecca Tedford Partington
Deputy Chief – Civil Division
Ext. 2303
Rpartington@riag.ri.gov

Encl.