UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADAM JENNINGS

v. C.A. No. 03-572ML

KENNETH JONES

# JURY INSTRUCTIONS

TABLE OF CONTENTS


1. PROVINCE OF THE COURT AND JURY . . . . 1

2. EVIDENCE IN THE CASE . . . . 1

3. PREPONDERANCE OF THE EVIDENCE . . . . 3

4. EVIDENCE – DIRECT, INDIRECT OR CIRCUMSTANTIAL . . . . 3

5. INFERENCES – DEFINED . . . . 4

6. CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY . . . . 4

7. STIPULATION – DEFINED . . . . 6

8. OPINION EVIDENCE – EXPERT WITNESSES . . . . 6

9. NATURE OF THE PLAINTIFF'S CLAIMS . . . . 7

10. 42 U.S.C. § 1983 – DEFINED . . . . 7

11. 42 U.S.C. § 1983 – UNREASONABLE SEIZURE ELEMENTS . . . . 8

12. STANDARD – 42 U.S.C. § 1983 . . . . 8

13. UNREASONABLE SEIZURE – EXCESSIVE FORCE . . . . 9

14. "UNDER COLOR" OF LAW – DEFINED . . . . 10

15. PROXIMATE CAUSE – DEFINED . . . . 10

16. CONSIDER DAMAGES ONLY IF LIABILITY IS PROVEN . . . . 11

17. COMPENSATORY DAMAGES . . . . 11

18. NOMINAL DAMAGES . . . . 12

19. DELIBERATIONS – GENERAL CONSIDERATIONS . . . . 12

20. VERDICT – UNANIMITY & DUTY TO DELIBERATE . . . . 13

21. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS . . . . 14

1. PROVINCE OF THE COURT AND JURY

Members of the Jury, now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you instructions as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts of the case as you determine those facts to be from the evidence which has been admitted. You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are to adhere to the Court's instructions.

Further, nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

2. EVIDENCE IN THE CASE

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have

produced them.

In determining the facts in this case, you are to consider only the evidence that properly has been put before you. It is the Court's duty, during the course of trial, to pass upon the admissibility of proffered evidence, that is, to decide whether or not you should consider it. The evidence the Court has admitted is properly before you for your consideration; the evidence the Court has refused to admit is not a proper subject for your deliberations and you must not consider it.

Papers, documents, and other objects that the Court admitted into evidence are a part of the evidence properly before you and will be available to you in the jury room for consideration during your deliberations.

The fact that the Court admitted evidence over objection should not influence you in determining the weight you should give such evidence. Nor should statements made by counsel, either for or against the admission of such evidence, influence your determination of the weight you will give the evidence, if admitted. In other words, you should determine the weight you will give such evidence on the basis of your own consideration of it and without regard to the Court's ruling or the statements of counsel concerning the admissibility of such evidence.

Nor should you permit objection by counsel to the admission of evidence, or the rulings of the Court, to create any bias or prejudice in your minds with respect to counsel or the party he or she represents. It is the duty of counsel to protect the rights and interests of his or her client, and in the performance of that duty he or she may freely object to the admission of proffered evidence and should not, in any manner, be penalized for doing so.

3. PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof in this case should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proven is more likely true than not true. To put it another way, if you were to put the plaintiff's and the defendant's evidence on opposite sides of a counter-balance scale, the plaintiff would have to make the scale tip somewhat to his side. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

4. EVIDENCE – DIRECT, INDIRECT OR CIRCUMSTANTIAL

As I told you at the beginning of this case, there are two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence—such as the

testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

5. <u>INFERENCES – DEFINED</u>

You are to consider only the evidence in the case. In your consideration of the evidence, however, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in this case. Inferences may not be based on speculation or conjecture.

6. <u>CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, the manner in which the witness testified, the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which

each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case—including statements that he or she may have made on some prior occasion.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The testimony of a witness may be discredited or impeached by showing that he or she

previously made statements which are different than or inconsistent with his or her testimony here in court. These statements may be used to impeach the credibility of that witness. It is within your province to assess the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

7. STIPULATION – DEFINED

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the plaintiff and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You may give this evidence whatever weight you choose.

8. OPINION EVIDENCE – EXPERT WITNESSES

While the rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions, an exception exists as to those persons whom we refer to as "expert witnesses." These are witnesses who, by education and experience, have become expert in some art, science, profession, or calling, and thus may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves, whether it was based on personal observations or on hypothetical questions. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you

may disregard the opinion entirely.

Reginald Allard, Dr. Steven Gross, and Darren Delaney testified as expert witnesses in this case.

9. NATURE OF THE PLAINTIFF'S CLAIMS

The plaintiff in this case is Adam Jennings; the defendant in this case is Kenneth Jones. The plaintiff claims that the defendant violated his federal constitutional right to be free from an unreasonable seizure and that he is entitled to recover damages under section 1983, title 42 of the United States Code.

10. 42 U.S.C. § 1983 – DEFINED

Section 1983, title 42 of the United States Code provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

You are instructed as a matter of law that under the Constitution of the United States the Fourth Amendment guarantees every citizen the right to be secure in his or her person against an unreasonable seizure.

11. 42 U.S.C. § 1983 – UNREASONABLE SEIZURE ELEMENTS

The burden is on the plaintiff to prove each of the following elements by a

preponderance of the evidence:

> *First*, that the defendant's actions deprived the plaintiff of his federal constitutional right to be free from an unreasonable seizure of his person; (a seizure includes the use of force by a police officer)
>
> *Second*, that the defendant acted under the color of some law of the State of Rhode Island; and,
>
> *Third*, that the defendant's acts were the proximate cause of damages sustained by the plaintiff.

12. STANDARD – 42 U.S.C. § 1983

Under Section 1983, a defendant may not be found liable for conduct that is merely negligent. Negligence is not the test under Section 1983 for a constitutional violation. Under Section 1983, a defendant may be held liable only for intentional or reckless acts that violate someone's constitutional rights. In this case the plaintiff claims that the defendant violated his Fourth Amendment right to be free from an unreasonable seizure. The Fourth Amendment prohibits police officers from unreasonably seizing the person of an individual. It's not a violation of the Fourth Amendment for a police officer to use reasonable force in order to detain the occupants of premises that are being searched pursuant to a search warrant, or to prevent those occupants from interfering with the search or posing a threat to the officers or other persons who may be present. Nor is it a violation of the Fourth Amendment for a police officer to use reasonable force in order to arrest an individual, even if it later turns out that there was insufficient reason for making the arrest. The use of force is an expected, necessary part of a law enforcement officer's tasks of subduing and securing individuals suspected of committing crimes. If a police officer uses excessive force in detaining an individual while a search is being

conducted or in arresting an individual, then that's considered to be an unreasonable seizure and that would violate the Fourth Amendment.

13. UNREASONABLE SEIZURE – EXCESSIVE FORCE

In order to prove that the defendant's use of force was unreasonable under the Fourth Amendment, the plaintiff must demonstrate that the defendant's actions were not objectively reasonable, viewed in light of the facts and circumstances confronting him and without regard to his underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. In assessing whether the defendant's actions were objectively reasonable, you should analyze his actions from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The determination of reasonableness must allow for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation. To determine whether the amount of force used was objectively reasonable, you should consider whether the plaintiff posed an immediate threat to the defendant's safety or to the safety of others, and whether the plaintiff was actively resisting arrest. In other words, the test is not what may appear to be reasonable in the calm atmosphere of a courtroom after there's been a great deal of opportunity for reflection and for deliberation, and perhaps to learn facts that were not known at the time the officer acted, but, rather, the test is what was reasonable in the context of the information that was available to the officer at the time and the circumstance that confronted the officer at that particular time. If

you find that the plaintiff has proven by a preponderance of the evidence that the defendant's use of force was not objectively reasonable, then the seizure was unreasonable under the Fourth Amendment.

## 14. "UNDER COLOR" OF LAW – DEFINED

State or local officials act "under color" of the authority of the State when they act within the limits of their lawful authority. The parties have stipulated that the defendant was acting under color of state law on the day of the execution of the search warrant at the Smoke Shop.

## 15. PROXIMATE CAUSE – DEFINED

The third element that the plaintiff must prove to sustain his claim pursuant to section 1983, title 42 of the United States Code, is that the defendant's unreasonable use of force was the proximate cause of the damages that the plaintiff sustained.

I instruct you that an injury or damage is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act. The plaintiff must prove that the injury or damage would not have occurred but for the defendant's unreasonable use of force, and the defendant's unreasonable use of force must be shown to have been a direct, rather than a remote, cause of the injury.

16. CONSIDER DAMAGES ONLY IF LIABILITY IS PROVEN

I now turn to the question of damages. In doing so, the Court does not intend to indicate that it is of the opinion that the defendant is liable. You are instructed on damages in order that you may reach a sound and proper determination of the amount you will award in the event that you find that the defendant is liable. You need consider the question of damages only if you find that the plaintiff has proven his claim; if you find that the defendant is not liable, you cannot award damages.

17. COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. In this matter, plaintiff claims physical injuries, pain and suffering, medical expenses, and partial loss of the use of his ankle. Plaintiff is not seeking damages for lost wages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered. Your assessment of the amount of damages to be awarded, if any, may not be based on the abstract value or importance of the plaintiff's right to be free from an unreasonable seizure.

If you decide to award compensatory damages, you should be guided by dispassionate

common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of losses with mathematical certainty, but only with as much definiteness and accuracy as the circumstances permit.

I instruct you to use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

18. NOMINAL DAMAGES

If you find that the plaintiff has proven that the defendant violated his right to be free from an unreasonable seizure, but that he has not proven compensatory damages, then you may return a verdict for the plaintiff in some nominal sum such as one dollar. You may not award both nominal and compensatory damages if you find the defendant liable.

19. DELIBERATIONS – GENERAL CONSIDERATIONS

Ladies and Gentlemen, in a moment I will dismiss you so that you may commence your deliberations. However, before I do that I need to give you some instructions about the procedures you must use in the course of your deliberations.

As I said at the beginning of my instructions, it goes without saying that prejudice, sympathy, or compassion should not be permitted to influence you in the course of your deliberations. From what I have said I do not and did not mean to imply that you should approach your consideration of this case in an intellectual vacuum. You are not required to put aside or to disregard your experiences and observations in the ordinary, everyday affairs of life. Indeed, your

experiences and observations in the ordinary, everyday affairs of life are essential to your exercise of reasonably sound judgment and discretion in the course of your deliberations; it is your right and duty to consider the evidence in the light of such experience and observations.

20. VERDICT – UNANIMITY & DUTY TO DELIBERATE

In order for you to return a verdict, your decision must be a unanimous decision, that is, all eight of you must concur in the decision. You cannot return a verdict, either for the plaintiff or for the defendant, unless and until you are in unanimous agreement as to what your verdict shall be.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide this case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

21. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

During your deliberations, if you need instruction or assistance by the Court in any way, I ask that, through your foreperson, you reduce such requests or questions as you may have to writing. The foreperson may then hand such written requests or questions to the officer in whose charge you will now be placed. The officer will then bring such written request to me and I will have you brought into the courtroom and will attempt to fulfill your request or answer the question as the case may be. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Finally, you are never to reveal to any person -- not even to the Court -- how you stand, numerically or otherwise, on the questions before you, until you have reached a unanimous verdict.